IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

May 23, 2024

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTINA ADAMS, et al.,**
**Petitioners Below, Petitioners**

**v.) No. 23-ICA-277**   (W. Va. Pub. Employees Grievance Bd. No. 2021-1037-CONS)

**BOONE COUNTY BOARD OF EDUCATION,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioners[1] appeal the May 31, 2023, decision of the West Virginia Public Employees Grievance Board ("Grievance Board"). In that decision, the Grievance Board denied the Petitioners' grievance on the basis that under the controlling statutes and precedent, the relief requested by the Petitioners was unavailable. Respondent Boone County Board of Education ("Boone County") filed a response.[2] Petitioners filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is no error in the Grievance Board's decision and no substantial question of law. For these reasons, a memorandum decision affirming the Grievance Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal is rooted in a prior grievance, *Rouse v. Boone County Bd. of Educ.*, Docket No. 2017-0308-CONS. In *Rouse*, 415 employees and former employees of Boone County protested the elimination of county salary supplements and certain benefits. The Petitioners herein were Grievants in the *Rouse* Grievance. There, the Grievance Board's Administrative Law Judge ("ALJ") granted in part and denied in part the Grievants' claims. In particular, the ALJ ordered Boone County to calculate and pay to the Grievants any county salary supplement owed to them pursuant to an approved excess levy. Both parties appealed to the Circuit Court of Kanawha County in *Rouse, et al. v. Boone County Bd. of Educ.*, Civil Action No. 19-AA-26. On appeal to the circuit court, the parties entered into a Settlement Agreement and Release of All Claims, in which Boone County agreed to pay approximately 90% of the salary supplement amount owed to the *Rouse* Grievants in consideration for a full release of all claims. The *Rouse* Grievants, including the Petitioners

---

[1] There are 108 individually named Petitioners in the notice of appeal.

[2] Petitioners are represented by Jeffrey G. Blaydes, Esq. Boone County is represented by Joshua A. Cottle, Esq., and Howard Seufer, Esq.

herein, received their settlement payment approximately four years after their grievance was filed.

After the Grievance Board entered its decision in the *Rouse* case, a second group of approximately 100 Boone County employees, who were not parties to the *Rouse* Grievance, filed a grievance of their own. In *Banks v. Boone County Bd. of Educ.*, Docket No. 2020-0920-CONS, this group of employees sought payment of the same salary supplement that had been granted under the settlement with the *Rouse* Grievants. At the level two grievance mediation, Boone County entered into a settlement agreement with the *Banks* Grievants. In the agreement, Boone County agreed to make the same payments to the *Banks* Grievants that it earlier agreed to pay the *Rouse* Grievants. Boone County also offered the same terms to all remaining individuals who were employees of Boone County schools when the local supplement was eliminated, but who never filed a grievance.

On September 28, 2020, and various dates thereafter, Petitioners filed the instant grievance against Boone County generally alleging:

> In August of 2016, members of the [American Federation of Teachers West Virginia ("AFT-WV")] who worked for Respondent Boone County Board of Education filed grievances, by and through [AFT-WV] and its counsel, contending in pertinent part that, Respondent had eliminated its salary supplement by withholding levy funds that were required to be paid as salary supplements. *Rouse et al. v. Boone County Board of Education*, Docket No. 2017-0308-CONS ("Rouse"). That matter was appealed to the Circuit Court of Kanawha County in *Rouse v. Boone County Board of Education*, Civil Action No. 19-AA-26. That matter was thereafter settled by the Grievants and Respondents in a global resolution of those claims. Since the resolution of that case, Respondent has unlawfully and arbitrarily and capriciously supplemented and increased the income of employees of Respondent who did not file a grievance in *Rouse* relating to the salary supplement. On behalf of its members, [AFT WV] now timely appeals this unlawful act. The current act of Respondent in paying those who did not grieve in *Rouse* is unlawful in that it lacks a statutory or regulatory mechanism or requirement to make such payment; is a breach of contract and good faith bargaining that occurred during the prior case; is an abuse of power and discretion by Respondent; and is a breach of Respondent's fiduciary duty to maintain the Reserve Fund. Moreover, the current act of Respondent in paying non grievants from *Rouse* discriminates against the *Rouse* Grievants who have not or will not receive payouts to be made starting on or about September 18, 2020; demonstrates bias against the *Rouse* Grievants and favoritism for the non-Grievant employees; may constitute nepotism in certain instances; and arises out of unlawful anti-union animus. Finally, Respondent's actions are barred by the

doctrine of laches and or statute of limitations and Respondent's fiduciary duty to the citizens of Boone County, West Virginia.

The Petitioners sought to "be made whole in every appropriate way including, but not limited to, proper payment of wages owed, plus interest, concomitant benefits, and all other appropriate relief."

The parties agreed to waive the grievance process to level three. A level three hearing was held on January 19, 2023. Following the hearing, the Grievance Board issued its May 31, 2023, Level Three Decision. There, the Grievance Board denied the grievance, holding that, under the controlling statutes and Grievance Board precedent, compensation for time spent pursuing a previous grievance is relief that was unavailable to Petitioners. It is from this order that Petitioners appeal.

Our standard of review in appeals from the Grievance Board is as follows:

A party may appeal the decision of the administrative law judge on the grounds that the decision:

(1)     Is contrary to law or a lawfully adopted rule or written policy of the employer;
(2)     Exceeds the administrative law judge's statutory authority;
(3)     Is the result of fraud or deceit;
(4)     Is clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(5)     Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5 (b) (2007); *accord* W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of an administrative appeal).

Further, our Supreme Court of Appeals has established that "[a] final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board . . . should not be reversed unless clearly wrong." Syl. Pt. 3, *Martin v. Barbour Cnty. Bd. of Educ.*, 228 W. Va. 238, 719 S.E.2d 406 (2011) (citing Syl. Pt. 1, *Randolph Cnty. Bd. of Educ. v. Scalia*, 182 W. Va. 289, 387 S.E.2d 524 (1989)). Further, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

The single issue presented in this appeal is whether the Grievance Board erred by determining that it could not award the relief sought by Petitioners.[3] To be clear, Petitioners seek $3,772.41, $4,328.62, and $3,308.98, respectively for each of the lead Petitioners and $100 for every other Petitioner as compensation for the time, energy, and resources they spent related to the *Rouse* grievance. In arguing that they should be entitled to additional compensation for time and effort spent on their prior grievance, Petitioners assert that the Grievance Board has awarded "fair and equitable" relief in past cases.

However, the prior Grievance Board decisions relied on by Petitioners are predicated upon statutory language that no longer exists. "An administrative agency is but a creature of statute, and has no greater authority than [that] conferred under the governing statutes." *State ex rel. Hoover v. Berger,* 199 W. Va. 12, 16, 483 S.E.2d 12, 16 (1996) (citations omitted). As the Grievance Board recognized below, although the grievance procedure statutes at one time expressly empowered the Grievance Board to provide "fair and equitable" relief, the applicable West Virginia Code section, West Virginia Code § 18-29-5(b), was repealed by the Legislature, effective March 7, 2007. Today, the grievance procedure statutes make no reference to "fair and equitable" relief. Rather, the current grievance procedure provides that each party is responsible for their own expenses related to the grievance procedure and grievants shall be granted four hours of worktime to work on their grievance without having to utilize annual leave. *See* W. Va. Code § 6C-2-6(a) (2023) and W. Va. Code § 6C-2-3(p)(2) (2023). Given that Petitioners can point to no current authority that gives the Grievance Board the power to award the relief they sought for the claim they assert, the Grievance Board did not err in denying Petitioners' grievance.

Accordingly, we affirm the Grievance Board's May 31, 2023, decision.

Affirmed.

**ISSUED:** May 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[3] Although Petitioners assert five individual assignments of error, it appears from the Petitioners' brief that this appeal presents a single issue and therefore the assignments of error have been consolidated. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly.").